## BAUGHER v STATE
## WILLIAMS v STATE

Ohio Appeals, 2nd Dist, Franklin Co

Nos 2312 & 2313. Decided Nov 22, 1933

John A. Connor, Columbus, Vorys, Sater, Seymour & Pease, Columbus, and Williams, Williams, Klapp & Reynolds, Columbus, for plaintiffs in error.

Donald J. Hoskins, Prosecuting Attorney, Columbus, Forrest R. Detrick, Worthington, Ralph J. Bartlett, Columbus, and T. Vincent Martin, Columbus, Assistant Prosecuting Attorneys, for defendant in error.

## OPINION

By THE COURT

The two cases above entitled, Nos. 2312 and 2313, are now being determined on applications for rehearing. The applications are the same and therefore it will not be necessary to in any way distinguish the two cases.

Complaint is made that this court did not pass upon one of the principal grounds of error, namely, that the trial judge de-cided this case in the court below upon a wrong assumption of the quantum of evidence required to be established by the state. Attention is called to some remark made by the trial court in passing upon motion to dismiss at the end of the state's case, in effect that under the rule if there was a scintilla of evidence that the motion would necessarily be overruled.

The record will not bear the construction that the trial court made a finding that there was no more than a scintilla of evidence, (and even if the correct rule was not stated with precision there would be no prejudicial error in view of the fact that the defendants introduced evidence and proceeded with their defense. Kasle v United States, 233 Fed., 878).

The question is further raised that at the end of all the evidence the court failed to affirmatively find that the state had proved all the essential elements of the crime beyond a reasonable doubt. We are unable to give any such strained construction to the language of the trial court. Regardless of the isolated statement made by the trial judge that the state had proved all the essential elements and that he did not in this instance use the language "beyond a reasonable doubt," it is extremely technical and does not sustain the complaint of plaintiff in error.

It is inconceivable to think that the very able trial court did not understand and know the requisite proof in a criminal case, and when he used the word "proved," it would necessarily follow that he meant by the requisite evidence and to the degree of certainty required under the law.

### 2.

We think complaint No. 2 is answered on page 13 of the original opinion wherein we use the following language:

"If there had been a well established custom known to the defendants of making loans on the pledge of non-withdrawable stock by the president or secretary-cashier, under the pretended authority of §35, then in a proper case we would be inclined to hold, in the absence of any evidence to the contrary, that such evidence might properly be considered as negativing criminal intent."

In view of our conclusion that the defendants in making loans to themselves did not follow either the state law, the constitution of the association as adopted by the stockholders, or the by-laws as adopted by the

board of directors, a further discussion of the powers under the constitution or by-laws is not very important.

However, we might say in passing that we are unable to agree with counsel that under the provisions of §9667, GC, there is a legal equality between the by-laws and the constitution. We reiterate what was said in the original opinion that the constitution is the organic law of the association and can not be superseded by the by-laws.

The approval of the by-laws by the superintendent of building and loan associations can not give validity beyond the provisions of the law.

The subject of regulation and by-laws of corporations will be found discussed and cases cited in **Ohio purisprudence, Volume 10, §§146, 147, 148, 149** and subsequent.

### 3.

Complaint No. 3 is based upon a wrong premise. As stated before, it was our conclusion that the evidence established to the degree of certainty required under the law that the defendants did not follow either the statute law, the constitution or the by-laws and unlawfully and unauthorizedly, without any semblance of authority, made the loans to themselves without any one exercising any judgment on behalf of the building and loan association. We did say, and want to repeat, that regardless of the opinion of the officers and employees, there was not the authority under the organic law of this association to make loans on non-withdrawable stock except on the authority and sanction of the board of directors. We also said, and now repeat, that if there was a well known, well established custom of making the loans under the authority of the by-laws, this might negative criminal intent. We fail to find in the entire record any authority or any custom which could be construed to authorize the defendants to make the loans to themselves.

### 4.

No. 4 is fully answered by what has already been said in connection with the general opinion dated November 4th.

Much time and thought were given to the examination of the record and the briefs, and every question therein or now raised was given consideration.

The application for rehearing will be denied.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.